UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIEL ECKARD,

                        Plaintiff,          CASE NO. C19-0834-RSL-MAT

        v.

                                            REPORT AND RECOMMENDATION

KELLY ROY,

                        Defendants.

INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983.  Plaintiff Gabriel
Eckard is currently confined at the Snohomish County Jail in Everett, Washington.  He has been
granted leave to proceed with this action *in forma pauperis*.  Service has not been ordered.  This
Court, having reviewed plaintiff's complaint, and the balance of the record, concludes that plaintiff
has not adequately stated a claim for relief in this action.  This Court therefore recommends that
plaintiff's complaint and this action be dismissed without prejudice pursuant to 28 U.S.C. §
1915(e)(2)(B)(ii).

DISCUSSION

Plaintiff submitted his civil rights complaint to the Court for filing on May 30, 2019.  (*See*

REPORT AND RECOMMENDATION
PAGE - 1

1    Dkt. 1.) Plaintiff asserted in his complaint that on April 22, 2019, Kelly Roy, a Corrections Deputy
2    at the Snohomish County Jail, harassed him by searching his cell even though it had been searched
3    three hours earlier by another member of the corrections staff. (Dkt. 5 at 3.) Plaintiff further
4    asserted that defendant Roy's confiscation of photographs from his cell during the search was not
5    related to a government interest. (*Id.*) Plaintiff alleged that defendant Roy's conduct violated his
6    rights under the First, Fourth, and Fourteenth Amendments. (*Id.*) Kelly Roy was the only
7    defendant named in the complaint. (*See id.* at 1, 2.) Plaintiff requested declaratory and injunctive
8    relief, and two million dollars in compensatory and punitive damages. (*Id.* at 4.)

9         After reviewing plaintiff's complaint, this Court determined that the pleading was
10   deficient. Thus, on July 1, 2019, the Court issued an Order declining to serve plaintiff's complaint
11   and granting him leave to amend. (Dkt. 6.) The Court explained therein that to the extent plaintiff
12   alleged that the search of his cell by defendant Roy violated his rights under the Fourth
13   Amendment, he had not stated a viable claim for relief because the Fourth Amendment's
14   prohibition against unreasonable searches does not apply within the confines of a prison cell. (*Id.*
15   at 3, citing *Hudson v. Palmer*, 468 U.S. 517, 526 (1984)). The Court also explained that, to the
16   extent plaintiff complained that photographs were removed from his cell during the challenged
17   search, he had not stated a cognizable claim for relief because he had post-deprivation remedies
18   available to him under state law. (*See id.*, citing *Hudson*, 468 U.S. at 533.)

19        Finally, the Court explained that, to the extent plaintiff may have intended to allege a
20   retaliation claim against defendant Roy, he failed to state a viable First Amendment claim because
21   he failed to allege facts demonstrating that defendant Roy's challenged conduct was related to
22   plaintiff's exercise of his constitutional rights and he failed to allege specific facts demonstrating
23   that the challenged cell search did not advance legitimate goals of the correctional facility. (*See*

*id*. at 3-4.)

Plaintiff was granted thirty days within which to file an amended complaint correcting the noted deficiencies, and he was advised that his failure to do so would result in a recommendation that this action be dismissed. (*Id*. at 4.) To date plaintiff has filed no amended complaint.

When a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Because plaintiff failed to state in his original pleading any claim upon which relief could be granted under § 1983, and because he failed to file an amended pleading correcting the deficiencies identified in the Court's Order declining to serve his original pleading, this action must be dismissed.

CONCLUSION

Based on the foregoing, this Court recommends that plaintiff's complaint and this action be dismissed, without prejudice, under 28 U.S.C. § 1915(e)(2)(B)(ii). This Court further recommends that this dismissal be counted as a strike under 28 U.S.C. § 1915(g). A proposed order accompanies this Report and Recommendation.

OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect the right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be

REPORT AND RECOMMENDATION
PAGE - 3

ready for consideration by the District Judge on __October 4, 2019__.

DATED this 5th day of September, 2019.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4